UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| STANLEY JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:24-CV-00171-NCC |
| | ) |
| WILLIAM STANGE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of Petitioner Stanley Johnson's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (ECF No. 1). Because it appears the petition is time-barred, the Court will order Petitioner to show cause why this case should not be dismissed.

## Background

Petitioner challenges the July 2, 2009, judgment in *State v. Stanley Johnson*, No. 2106R-04034-01 (21st Jud. Cir. 2006). In that case, Petitioner was convicted of first-degree murder and forcible rape. The Circuit Court of St. Louis County sentenced Petitioner to life without parole. Petitioner appealed and the Missouri Court of Appeals affirmed his conviction on November 2, 2010. *See State v. Johnson*, No. ED93246 (Mo. Ct. App. 2009). Petitioner filed a motion for transfer to the Missouri Supreme Court on December 23, 2010. The Missouri Supreme Court denied the motion on January 25, 2011.[1]

---

[1] This information comes from Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Under 28 U.S.C. § 2244(d):

> (1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Nothing in the present petition suggests that subsections (B), (C), or (D) apply in this case. The Court will therefore consider whether Petitioner timely filed his petition under § 2244(d)(1)(A).

A judgment becomes final for the purposes of § 2244(d)(1)(A) upon the conclusion of direct review, or upon the expiration of the time for seeking review in the state's highest court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For a petitioner who files a motion for transfer to the Missouri Supreme Court but does not file a petition for writ of certiorari with the United States Supreme Court, the one-year statute of limitations begins running when the time for seeking certiorari expires, which is 90 days after the motion for transfer is denied. *See Gonzalez*, 565 U.S. at 150.

2

Here, the Missouri Court of Appeals affirmed Petitioner's conviction on November 2, 2010. Petitioner then filed a motion for transfer to the Missouri Supreme Court on December 23, 2010. The Missouri Supreme Court denied the motion on January 25, 2011. The one-year limitations period began running 90 days later. *See Gonzalez*, 565 U.S. at 150. Petitioner did not file the present action until September 16, 2024. Thus, it appears the petition is untimely.

## Conclusion

For the foregoing reasons, the Court will order Petitioner to show cause why the Court should not dismiss his petition as untimely. *See Day v. McDonough*, 547 U.S. 198, (2006) (stating that a district court must, before *sua sponte* dismissing a habeas petition as time-barred, give a petitioner due notice and a fair opportunity to show why the petition should not be dismissed).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner shall show cause in writing**, no later than thirty (30) days from the date of this Order**, why this action should not be dismissed as time-barred.

Petitioner's failure to timely comply with this Order may result in the dismissal of this case without prejudice and without further notice to petitioner.

Dated this 10th day of October, 2024.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE